Kenneth J. Catanzarite (SBN 113750)
Email: kcatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MARTIN HAYES, a.k.a. MARTY HAYES, an individual and AARON OLSON, an individual;

Plaintiffs,

v.

JAMES SCHERER, an individual; LINCHPIN ENERGY, LLC, a Delaware limited liability company; LEEANNE JENISE SHARLOW, a.k.a. LEEANNE J. LAMOTTE, an individual; LAW OFFICE OF LEEANNE J. SHARLOW LLC, a Louisiana limited liability company; WINGLEJIA HONGKONG LIMITED, a private company; and Does 1-40;

Defendants.

Case No. ________________

Assigned for All Purposes to the

______________________________

**COMPLAINT FOR:**

1. **Securities Fraud - Violation Cal. Corp. Code § 25401**
2. **Sale of Unregistered Securities - Violation of Cal. Corp. Code 25110**
3. **Operating as an Unlicensed Broker - Violation of Cal. Corp. Code § 25210**
4. **Joint and Several Liability under Cal. Corp. Code §§ 25504, 25504.1**
5. **Violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78a et seq.) ("Exchange Act") and Rule 10b-5**
6. **Violation of Section 20(a) of the Exchange Act (15 U.S.C. § 78t)**
7. **Negligent Misrepresentation**
8. **Fraud and Deceit in Violation of *Civil. Code* §§ 1572, 1709 and 1710**
9. **Conversion**
10. **Legal Malpractice**
11. **Breach of Fiduciary Duty**
12. **Constructive Fraud**
13. **Breach of Oral Contract - Fuel Investment**
14. **Common Count for Money Had and Received**
15. **Negligence**

**JURY TRIAL DEMANDED**

//



CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

Plaintiffs MARTIN HAYES, a.k.a. MARTY HAYES and AARON OLSON ("Plaintiffs") for their complaint against the Defendants allege the following:

## I.

## PARTY IDENTIFICATION

### A. Plaintiff

1. Plaintiff MARTIN HAYES, a.k.a. MARTY HAYES ("HAYES") an individual is a citizen of the State of California and resident of Orange County.

2. Plaintiff AARON OLSON ("OLSON") an individual is a citizen of the State of California and resident of Orange County.

3. As used herein "Plaintiffs" shall mean and refer to HAYES and OLSON jointly unless otherwise mentioned.

### B. Defendants

4. Defendant JAMES SCHERER ("SCHERER") an individual is a citizen of the State of Texas doing business in Orange County California and throughout the United States.

5. Defendant LINCHPIN ENERGY, LLC ("LINCHPIN") is a Delaware limited liability company organized September 1, 2017 as File Number 6529273 admitted to do business in the State of Texas on May 16, 2020 (Texas SOS File Number 0803621227) the mailing address of which is 10601 Clarence Drive Suite 250, Frisco, TX 75033-3867 doing business in Orange County California, without admission by the California Secretary of State, and throughout the United States. SCHERER is the Manager of LINCHPIN and directly or indirectly controls its membership interests.

6. Defendant LEEANNE JENISE SHARLOW, a.k.a. LEEANNE J. LAMOTTE ("SHARLOW") an individual is a citizen of the State of Louisiana, a member of the State Bar of Louisiana admitted May 16, 2016 doing business in the State of Louisiana as well as Orange County California and throughout the United States. SHARLOW is not licensed to practice law in California.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

7. Defendant LAW OFFICE OF LEEANNE J. SHARLOW LLC ("SHARLOW LLC") is a Louisiana limited liability company organized May 27, 2016 with a domicile address of 1160 Florida Blvd., Baton Rouge, LA 70802 doing business in the State of Louisiana as well as Orange County California, without admission by the California Secretary of State, and throughout the United States. SHARLOW is the Manager and member of SHARLOW LLC.

8. Defendant WINGLEJIA HONGKONG LIMITED ("WINGLEJIA") is a private company believed to have been organized in Hong Kong with limited shares doing business in California as well as throughout the world. The website for WINGLEJIA states its business as "a manufacturer and importer / distributor, specializing in auto parts and IT solutions and more."

9. The term "Defendants" herein, unless referred to otherwise, shall refer collectively to SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-20 as defined below.

**C. Doe Defendants**

10. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1-40, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is indebted to Plaintiffs as alleged in this Complaint, and that Plaintiffs' rights against the fictitiously named Defendants arise from this indebtedness.

**II.**

**DIVERSITY JURISDICTION**

11. Diversity jurisdiction exists when "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the parties

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

opposed in interest. *Kuntz v. Lamar* Corp., 385 F.3d 1177, 1181 (9th Cir.2004). Individuals are citizens of their state of domicile. *Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir.1981).

12. Plaintiffs are citizens of the State of California.

13. Opposing parties whose interests are aligned are not from the State of California, as follows:

a. SCHERER and LINCHPIN are citizens of the State of Texas.

b. SHARLOW and SHARLOW LLC are citizens of the State of Louisiana.

c. WINGLEJIA is a Hong Kong private company.

14. There is complete diversity of citizenship between Plaintiffs on the one hand and SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and WINGLEJIA on the other hand and the amount at issue is not less than $360,000.

**III.**

**BACKGROUND FACTS**

15. On or about July 17, 2019 SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 solicited Plaintiffs by emailing their business addresses and calling their phones in California to discuss the "Fuel Investment" an agreement wherein Plaintiffs would provide funding for a jet fuel purchase for an investment return based upon the management of SCHERER, LINCHPIN and Does 1-30 of the purchase and brokerage of such fuel for profit.

16. The email exchange describing the Plaintiffs' Fuel Investment is set out as follows:

> Please see the attached documents and the below forwarded emails for all pertinent information. <u>Because we are pressed for time and need an investor to wire out by tomorrow morning</u>, the commission structure for being the investor that pays the attached invoice in the amount of $360,000 is as follows:
>
> > COMMISSION = PAYEE SHALL RECEIVE, IN US DOLLARS, $1.00 PER BARREL ("BBL") FOR JP54 X 2MM BBLS FOR THE FIRST LIFT, PLUS ROLLS AND EXTENSIONS OF UP TO 5MM

BBLS to 8MM BBLS FOR UP TO 60 MONTHS.

The details of the JP54 transaction is as follows:
JP54 - 2 million barrels in tank currently with monthly production contract of 5 - 8 million barrels monthly

The 2MM barrels are immediately available with a buyer ready to purchase, as such, the first commission in the amount of $2,000,000 will be paid within 3-5 days of the invoice being paid.

Should you have any questions, please do not hesitate to contact me.
LeeAnne J. Sharlow
Attorney at Law
P.O. Box 767
1160 Florida Boulevard
(70802)
Baton Rouge, LA 70821
sharlowlawoffice.com
*Underline emphasis added*

17. Between July 17 and 19, 2019 Plaintiffs discussed the $360,000 Fuel Investment with SCHERER and SHARLOW both of whom explained this was an extremely urgent investment opportunity for a substantial return on investment in a short period to fund the purchase of a jet fuel business transaction to be returned many times over and that SCHERER and LINCHPIN were just temporarily short of cash to close the transaction. The short period for review resulted in Plaintiffs explaining to SCHERER and SHARLOW their reluctance to provide the investment funds without assurances of control and security for the $360,000.

18. Plaintiffs thus expressed concern for the security of their $360,000 Fuel Investment with both SCHERER and SHARLOW.

19. SCHERER and SHARLOW convinced Plaintiffs that SHARLOW would therefore counsel and advise Plaintiffs and that she would, on their behalf and as their counsel, make certain that the $360,000 was safe and secure if they would wire the sums to her attorney-client trust account. In the same conversation she agreed that if they did so she would safe-keep their funds and apply them only in a safe and secure, well documented transaction with adequate security and she would obtain their written consent for any material variance from those agreed terms and requirements.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

20. With SHARLOW's explanation and agreement to safe-keep their funds as described in detail at Paragraph 19 Plaintiffs agreed and on July 19, 2019 pursuant to SHARLOW's instructions each of them wired the sum of $180,000, a total of $360,000 to "LAW OFFICE OF LEEANNE J. SHARLOW LLC ACCOUNT" to fund their Fuel Investment.

21. Following the Plaintiffs' wire out of $360,000 to fund their Fuel Investment the communications from SCHERER and SHARLOW became infrequent and limited, always with a promise to look into the problems and reasons why nothing had been returned on their Fuel Investment.

22. Finally in January of 2021 Plaintiffs engaged counsel to investigate the matter of their Fuel Investment. After several unreturned calls to SHARLOW and SHARLOW LLC's offices, counsel wrote SHARLOW as follows and attached as Exhibit "A" her offices Wire Transfer Information (the "$360,000 Wire") as well:

> From: Kenneth Catanzarite
> Sent: Monday, January 18, 2021 4:44 PM
> To: info@sharlowlawoffice.com
> Subject: Inquiry
>
> Dear Ms. Sharlow: I write concerning the Wire Transfer referred to in the attached.
> Did you send this wire?
> My clients wired $360,000 to your IOLTA account and they have asked me to look into these funds.
> Please let me know when we might talk regarding this transfer by my clients into your account and funds out of the account.
> Ken
>
> Kenneth J. Catanzarite
> Catanzarite Law Corporation
> ...

23. Plaintiffs allege the $360,000 Wire was out of their funds on deposit with SHARLOW and SHARLOW LLC to WINGLEJIA on July 19, 2019, the same date as their wire to SHARLOW's account with "Text to Recipient: HT1/3061/JP; HKR/INV-91678-LEL/JP54 for Linchpin Energy LLC(funds are clean and clear of non-criminal origin and are payable immediately)" was without

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

their written approval and authorization.

24. Plaintiffs allege at no time did they authorize SHARLOW or SHARLOW LLC to the wire out or release their funds to be held in her client trust account for their Fuel Investment other than as described at Paragraph 19 and on information and belief the wire to WINGLEJIA was not as SCHERER and SHARLOW had promised. In particular SHARLOW did not protect Plaintiffs' $360,000 in a well documented and secure transaction nor did he obtain their written consent to depart from the requirement that she obtain their written consent to any deviation from the agreed upon standard pursuant to Paragraph 19.

25. After numerous calls and no return call or email response Plaintiffs have no alternative other than to initiate this litigation.

## IV.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Securities Fraud - Violation Cal. Corp. Code § 25401

### Against SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30

26. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

27. Plaintiffs bring this claim against Defendants SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30.

28. Cal. Corp. Code § 25401 provides that "[i]t is unlawful for any person to offer or sell a security in this state or buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of material fact or omits to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they were made, not misleading."

//



Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

29. The Fuel Investment program promised to use Plaintiffs' $360,000 investment in a manner consistent with an investment that would result in a return within "3-5 days" as set out at Paragraph 16.

30. Plaintiffs state no return has yet been received and nothing has been provided to indicate when a return if ever is forthcoming.

31. The Fuel Investment program as explained in detail by SCHERER and SHARLOW did not disclose any investment risks, instead touting the program as one of almost immediate return given SCHERER and LINCHPIN's industry position and contacts.

32. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 offered to sell and sold securities to Plaintiffs in the State of California, by means of untrue statements of material fact and through the omission of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading. Among other things, SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 misrepresented that:

a. The $360,000 investment by wire transfer payment on July 19, 2019 was to facilitate SCHERER and LINCHPIN's efforts to consummate the sale of jet fuel in storage that would result in a payment of $1 per barrel sold as a return to Plaintiffs on their investment.

b. Plaintiffs were to have no obligation other that to provide the $360,000 to the SHARLOW and SHARLOW LLC client trust account from which account the funds would be disbursed safely to secure the release of sold barrels of fuel and receipt of funds so that the $1 per barrel would be paid within 3-5 days all consistent with Paragraph 19.

c. As each sale was made from the allegedly secured jet fuel inventory ready for sale by SCHERER and LINCHPIN to credit worthy buyers Plaintiffs would receive a return of $1 per barrel as each sale was

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

consummated.

d. As provided at Paragraph 19, no release would be authorized from the SHARLOW and SHARLOW LLC client trust account without Plaintiffs signature if there was to be any risk at all that the release of funds would somehow not result in a sale pursuant to invoice from which a $1 per barrel payment would be made within 3-5 days. In other words there was to be no risk associated with the $360,000 Fuel Investment unless Plaintiffs agreed to accept that risk in writing.

e. Notwithstanding the foregoing representations Plaintiffs $360,000 was wired to Hong Kong without compliance with the documentation and security agreements required pursuant to Paragraph 19.

33. SHARLOW and SHARLOW LLC never sought a written release of the $360,000 from Plaintiffs' funds held in trust that would result in any risk of loss to Plaintiffs

34. Plaintiffs demanded an accounting from Defendants and return of their $360,000 but all defendants have refused to respond.

35. Plaintiffs's counsel demanded an accounting from SHARLOW and SHARLOW LLC of their $360,000 but SHARLOW and SHARLOW LLC have failed and refused to respond.

36. Plaintiffs relied on these written and oral misrepresentations and omissions of material facts in deciding to invest in the Fuel Investment agreement.

37. As a result of SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30's misrepresentations, Plaintiffs sustained damages. Under California Corporations Code § 25501, Plaintiffs are entitled to either rescind the transaction or recover damages.

38. LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 are liable as "control persons" under California Corporations Code § 25504, and therefore liable to the same extent as SCHERER.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

39. Defendants LINCHPIN, SHARLOW, SHARLOW LLC and Does 11-30 were also directly and/or indirectly controlled by SCHERER their agent and either knew or were reckless in not knowing that the statements SCHERER made were false and/or that there was an omission of material facts. They also materially aided in the transaction, and thereby violated California Corporations Code § 25504.1, because they either knew or were reckless in not knowing that SCHERER and Does 1-10 were acting wrongfully and encouraged the Fuel Investment securities sales with reckless disregard for the rights of Plaintiffs thereby materially aiding and abetting in the transaction, and thereby violated California Corporations Code § 25504.1, because they either knew or were reckless in not knowing the true facts with reckless disregard for the rights of the Plaintiffs.

**SECOND CAUSE OF ACTION**

**Sale of Unregistered Securities - Violation of Cal. Corp. Code 25110**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC and Does 1-30**

40. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

41. Plaintiffs bring this claim against Defendants SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30.

42. California Corporations Code § 25110 provides in pertinent part: "It is unlawful for any person to offer or sell in this state any security in an issuer transaction ... unless such sale has been qualified under Section 25111, 25112, or 25113 ... or unless such security or transaction is exempted or not subject to qualification under Chapter 1 (commencing with section 25100) of this part."

43. The Fuel Investment of $180,000 by each of the Plaintiffs are "securities" within the meaning of California Corporations Code § 25019.

//

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

44. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 "offered and sold" the securities within the State of California within the meaning of California Corporations Code §§ 25008 and 25017. The California Corporations Commissioner has not issued a permit or other form of qualification authorizing SCHERER, LINCHPIN and Does 1-20 to offer and sell the subject securities in the State of California.

45. Each of the $180,000 Fuel Investment agreement purchases were unregistered, nonexempt securities. The transactions with Plaintiffs did not qualify for an exemption from registration because Plaintiffs were solicited to purchase for their accounts on July 17, 2019 and pressed to wire the funds on July 19, 2019 before SCHERER ever met Plaintiffs in person. See California Corporations Code § 25102(f)(2).

46. Plaintiffs have been damaged as set forth herein. Under California Corporations Code § 25503, Plaintiffs are entitled to recover at minimum the purchase price of $360,000 along with interest at the legal rate according to proof at time of trial.

47. California Corporations Code § 25504 provides in pertinent part that "[e]very person who directly or indirectly controls a person liable under Section 25501 or 25503, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, every employee of a person so liable who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person."

48. SHARLOW, SHARLOW LLC and Does 1-30 are liable as "control persons" under California Corporations Code § 25504, and therefore liable to the same extent as SCHERER and LINCHPIN. SHARLOW and Does 1-30 directly and/or indirectly equitably controlled SCHERER and LINCHPIN because the

Plaintiffs' funds were held in trust and either knew or were reckless in not knowing that the securities sold to Plaintiffs were neither registered nor exempt.

49. Defendants LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 were also directly and/or indirectly controlled by SCHERER and either knew or were reckless in not knowing that the statements SCHERER made were false and/or that there was an omission of material facts. They also materially aided in the transaction, and thereby violated California Corporations Code § 25504.1, because they either knew or were reckless in not knowing that SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 were using Plaintiffs' $360,000 while selling the Fuel Investment agreement and encouraged those sales with reckless disregard for the rights of the Plaintiffs and thereby materially aided in the transaction, and violated California Corporations Code § 25504.1, because they either knew or were reckless in not knowing the true facts with reckless disregard for the rights of the Plaintiffs.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**THIRD CAUSE OF ACTION**

**Operating as an Unlicensed Broker - Violation of Cal. Corp. Code § 25210**

**Against SCHERER and Does 1-10**

50. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

51. Plaintiffs bring this claim against Defendants SCHERER and Does 1-10.

52. A broker is one who effects transactions in securities for compensation.

53. California Corporations Code § 25210(a) provides that "no broker-dealer shall affect any transaction in, or induce or attempt to induce the purchase or sale of, any security in this state unless the broker-dealer has first applied for and secured from the commissioner a certificate, then in effect, authorizing that person to act in that capacity."

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

54. Here, SCHERER operated as an unregistered broker-dealer. SCHERER holds himself out as being an investment professional. SCHERER sold Plaintiffs securities without being duly qualified as a securities broker dealer, and collected money from management thereof and other fees.

55. SCHERER and Does 1-10's conduct as described herein required him to be licensed as a securities broker dealer. His unlicensed activities as a broker dealer violates California securities laws. Plaintiffs have incurred damages as a proximate result of SCHERER and Does 1-10's actions, as set forth herein.

56. Under California Corporations Code § 25501.5, Plaintiffs may either rescind the purchase or recover damages, and are entitled to an award of reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**Joint and Several Liability under Cal. Corp. Code §§ 25504, 25504.1**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC and Does 1-30**

57. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

58. Plaintiffs bring this claim against Defendants SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30.

59. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 knowingly provided substantial assistance in making untrue statements of material fact and omitted to disclose adverse material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading for the purpose of inducing the sale of the Fuel Investment for the account of the Plaintiffs.

60. Each of the statements made related to the purchase of the Fuel Investment for each Plaintiffs' account was made for the purpose of the purchase described above at paragraphs 16-20 through oral and written representations.

61. In engaging in such conduct, SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 acted with an intent to deceive, manipulate, or defraud, or with a severe reckless disregard for the rights of Plaintiffs.

62. By providing material and substantial assistance to violations of Cal. Corp. Code §§ 25110 and 25401 with an intent to deceive, manipulate or defraud, or with a severe reckless disregard for the truth and the rights of Plaintiffs, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 to the same extent as SCHERER.

63. By reason of the foregoing, SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 substantially and materially assisted violations of the California Corporations Code, and unless enjoined, are reasonably likely to continue to substantially and materially assist violations of the California Corporations Code.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**FIFTH CAUSE OF ACTION**

**Violation of Section 10(b) of the Securities Exchange Act of 1934**

**(15 U.S.C. § 78a et seq.)("Exchange Act") and Rule 10b-5**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC and Does 1-30**

64. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

65. Plaintiffs bring this claim against Defendants SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30.

66. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 made material misrepresentations and omissions in the sale and purchase of the Fuel Investment contract in the amount of $360,000 described at paragraphs 16-20 above in violation of Section 10(b) and Rule 10b-5.

67. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 knew these representations and omissions were false and misleading when

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

they were made, or acted with reckless disregard for their falsity. Their scienter is evidenced by SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30's failure to pay any promised amounts on the Fuel Investment and ignoring Plaintiffs' reasonable requests for an explanation of why they have received no return whatsoever.

68. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 knew these statements were false or acted with reckless disregard to their falsity. LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 were aware that SCHERER and LINCHPIN never intended to pay the $360,000 and any reasonable return back to Plaintiffs but instead to delay until he could transfer his assets and set up his fraudulent scheme.

69. The misrepresentations and omissions of SCHERER were made individually and as manager of LINCHPIN and as such both have violated Section 10(a) and Rule 10b-5 and this primary violation may be the basis for secondary liability as set forth below.

70. Although Plaintiffs have and do hereby tender the Fuel Investment agreement rights and otherwise seek rescission, Plaintiffs have received $0 return and have suffered consequential damages as a result of the material misrepresentations and omissions of SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30..

71. Plaintiffs are entitled to damages in an amount to be proven at trial, plus prejudgment interest, costs, and attorneys' fees.

## SIXTH CAUSE OF ACTION

## Violation of Section 20(a) of the Exchange Act (15 U.S.C. § 78t)

## Against SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30

72. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

73. Plaintiffs bring this claim against Defendants SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30.

74. SCHERER, SHARLOW, SHARLOW LLC and Does 1-30 were control persons of the LINCHPIN that was to repay the $360,000 plus $1 per barrel. SCHERER, SHARLOW, SHARLOW LLC and Does 1-30 had the power to control, and actually did exercise control over decisions such as sending funds from SHARLOW's client trust account without Plaintiffs' written authorization from the SHARLOW, SHARLOW LLC and Does 11-30 client trust account as required by Paragraph 19.

75. By virtue of their status as control persons, SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 are jointly and severally liable for the primary violations of Section 10(b) and Rule 10b-5 by SSMF as set forth above.

**SEVENTH CAUSE OF ACTION**

**Negligent Misrepresentation**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC and Does 1-30**

76. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

77. Plaintiffs bring this claim against Defendants SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30.

78. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 supplied false information to Plaintiffs by representing to Plaintiffs that the Fuel Investment was suitable for each of them and that the $360,000 plus $1 per barrel would be repaid from contracted for inventory.

79. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 omitted material facts as described above including without limitation regarding SCHERER and LINCHPIN's adverse financial position including

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

its/his/her/their insolvency.

80. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 omitted material facts as described above regarding the safety of the $360,000 Fuel Investment that was held in the SHARLOW and SHARLOW LLC client trust, and SCHERER and LINCHPIN's financial position including its/his/her/their insolvency.

81. Plaintiffs justifiably relied on these material misrepresentations and omissions when each wired the $180,000 for $360,000 total to make the Fuel Investment as above described.

82. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 each knew of Plaintiffs' reliance and sought to influence Plaintiffs because they wanted Plaintiffs to invest his/their funds with them which funds would remain under their control, allowing them to use Plaintiffs's funds for purposes other than as had been represented.

83. As a direct and proximate result of the misrepresentations set forth herein, Plaintiffs has been damaged in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**Fraud and Deceit in Violation of *Civil. Code* §§ 1572, 1709 and 1710**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC and Does 1-30**

84. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

85. Plaintiffs bring this claim against Defendants SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30.

86. Plaintiffs are informed and believe, for the reasons referenced in the above paragraphs the SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30's statements regarding the Fuel Investment and the promises in Paragraph 19 as above described constitute half truths, concealment and/or

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

affirmative misrepresentations of material facts.

87. Plaintiffs are informed and believe that at the time each of these statements were made, SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 knew they were false and/or omitted facts necessary to make the statements made not materially misleading.

88. Plaintiffs are informed and believe that these statements and omissions were made and calculated by SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 with the intent of inducing Plaintiffs to purchase the Fuel Investment and to wire the $360,000 to the SHARLOW client trust account.

89. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 and each of them, either intentionally or with a reckless disregard breached their duty by failing to disclose to Plaintiffs the true facts regarding the Fuel Investment and the promise to safe-keep the $360,000 as described in Paragraph 19.

90. By reason of the foregoing and as a direct and proximate result thereof, Plaintiffs have been damaged as more specifically set forth in the above paragraphs, inclusive, including without limitation by the loss of their $360,000.

91. The aforementioned conduct of SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 was an intentional misrepresentation, deceit, or concealment of material facts known by SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 thereby depriving Plaintiffs of property and legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

//

//

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**NINTH CAUSE OF ACTION**

**Conversion**

**Against All Defendants**

92. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

93. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40 were required to maintain and segregate Plaintiffs' $360,000 for use only for purposes of the Fuel Investment.

94. Both SCHERER and SHARLOW were fiduciaries to their principals the Plaintiffs.

95. SHARLOW as a Louisiana attorney was required to abide by the Rules of Professional Conduct of the Louisiana State Bar, including LA ST BAR ART 16 RPC Rule 1.15 upon receipt of Plaintiffs' $360,000.

96. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40 knew Plaintiffs $360,000 in trust funds were required to be used only to fund the Fuel Investment in a manner that did not impose a risk of loss of Plaintiffs investment as had been promised at Paragraph 19.

97. Rather than honoring the limitations on the use of the Plaintiffs' funds, SCHERER, SHARLOW and Does 1-10, in their roles as fiduciaries to Plaintiffs, SHARLOW as attorney and SCHERER as investment advisor, as well as the officers, managers and directors of LINCHPIN and SHARLOW LLC, wrongfully deprived Plaintiffs of their funds by transferring the funds to WINGLEJIA for their sole use and credit without return to Plaintiffs and contrary to the requirements agreed to in Paragraph 19. In so transferring the funds, the aforementioned defendants willfully interfered with Plaintiffs right to possession of the funds.

98. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40 are subject to personal liability for the funds

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

converted as described above because SCHERER and SHARLOW were directly responsible as fiduciaries to Plaintiffs and also LINCHPIN, SHARLOW LLC, WINGLEJIA and Does 1-40 and officers and agents thereof who participated in and/or with knowledge of the limitations imposed at Paragraph 19 upon the $360,000 in SHARLOW's client trust account approved of the wrongful conduct.

99. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40's unlawful conversion of the Plaintiffs $360,000 in wired funds proximately and actually caused damages to Plaintiffs in an amount to be proven at trial.

100. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40's conduct as above alleged was willful, wanton, and in reckless disregard for the rights, property, and interest of Plaintiffs, by reason of which he/she/it/they should be held liable for reasonable exemplary, or punitive damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### Legal Malpractice

### Against SHARLOW, SHARLOW LLC and Does 25-30

101. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

102. Plaintiffs bring this claim against SHARLOW, SHARLOW LLC and Does 25-30.

103. Plaintiffs and SHARLOW entered into an oral agreement described at Paragraph 19 wherein SHARLOW would provide the legal serves described herein. SHARLOW never tendered a written engagement agreement to Plaintiffs to execute nor did she disclose the numerous active conflicts of interest that were present.

104. At all times relevant hereto, SHARLOW, touted herself to Plaintiffs as an attorney with substantial expertise in matters related to the Fuel Investment

uniquely capable of preparing the required documentation and security such that Plaintiffs' investment would not be put at risk of loss.

105. As such SHARLOW, SHARLOW LLC and Does 25-30 owed a duty of care and loyalty to Plaintiffs to represent each of them in accordance with relevant legal standards of care within the practice of law.

106. SHARLOW, SHARLOW LLC and Does 25-30 breached the relevant duty of care by failing to competently and adequately represent Plaintiffs in providing competent advice as well as full and accurate information in accordance with relevant legal standards within the practice of law including without limitation:

a. The failure to disclose that as to the $360,000 deposited to her client trust she was not competent nor capable of protecting the same from risk of loss.

b. That she preferred the interests of SCHERER and LINCHPIN to Plaintiffs in that she was receiving a continuous stream of referrals to discuss same or similar fuel investments and would suffer a loss of revenue if she did not recklessly and indifferently transfer the $360,000 as directed by SCHERER and LINCHPIN notwithstanding that she had stated she would protect Plaintiffs' Fuel Investment from risk of loss as promised at Paragraph 19.

c. The failure of to disclose in writing, actual conflicts of interest she had in simultaneously representing the interests of Plaintiffs and representing SCHERER and LINCHPIN.

d. The failure to account to Plaintiffs for their $360,000 in accordance her agreement with them at Paragraph 19 and Louisiana law.

e. The failure to secure a written retainer agreement to clearly and unambiguously set forth her/its/their duties to Plaintiffs and conflicts of interest.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

f. The failure to disclose the foregoing conflicts on interest in writing in accord with LA ST BAR ART 16 RPC Rule 1.7.

107. In January 2020 Plaintiffs through counsel demanded an accounting and return of their $360,000 trust account deposit and SHARLOW and SHARLOW LLC failed and refused to respond verbally or in wring and failed to provide any accounting.

108. Plaintiffs allege that their $360,000 is lost as a result of the failure of SHARLOW, SHARLOW LLC and Does 25-30 to properly document, secure and protect their Fuel Investment interests before disbursing their $360,000 without their written consent.

109. As a direct and proximate result of SHARLOW, SHARLOW LLC and Does 25-30's acts and omissions and Plaintiffs' justifiable reliance thereon, Plaintiffs have been damaged in an amount which will be proven at trial.

## ELEVENTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### Against SCHERER and SHARLOW

110. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

111. Plaintiffs allege that both SCHERER and SHARLOW were fiduciaries to their principals the Plaintiffs as follows:

a. SCHERER was Plaintiffs' financial advisor in whom Plaintiffs reasonably and justifiably reposed trust and confidence.

b. SHARLOW was Plaintiffs' attorney in whom Plaintiffs reasonably and justifiably reposed trust and confidence.

112. As Plaintiffs' financial advisor and attorney, SCHERER and SHARLOW respectively, owed their principals the Plaintiffs the "same obligation of undivided service and loyalty" owed by trustees to their beneficiaries. As fiduciaries, SCHERER and SHARLOW, acting as financial advisor and attorney

respectively to Plaintiffs, were each required to act in the "highest good faith" toward Plaintiffs and were prohibited from obtaining any advantage over Plaintiffs in any transaction arising out of their respective agency relationship. Moreover, each of SCHERER and SHARLOW were duty bound to make a full and complete disclosure of all material facts that might influence Plaintiffs decision to wire the $360,000 to the SHARLOW client trust account.

113. SCHERER and SHARLOW, failed to fulfill his/her/their legal and moral obligations as a fiduciary to Plaintiffs, as above described, and in particular in failing to disclose that:

a. The Fuel Investment was of extreme and unwarranted risk of complete loss and they had done nothing to disclose the same to Plaintiffs.

b. They did not have a binding agreement for any actual inventory nor with any buyer of such jet fuel upon which to base their statements that the transaction was low risk and that their funds would not be disbursed without a full and complete documented and secured transaction to protect Plaintiffs from risk of loss.

c. Not disclosing the conflict that each of them intended to wire the $360,000 to WINGLEJIA without a firm and secured written agreement thereby recklessly risking Plaintiffs' funds.

d. That both SCHERER and SHARLOW would effectively withdraw the $360,000 of Plaintiffs' money contrary to Paragraph 19 and without authorization, and thereby act adversely to Plaintiffs when called upon to provide an accounting and repay his/their funds.

114. SCHERER and SHARLOW enjoyed a position of superiority to Plaintiffs. SCHERER and SHARLOW took advantage of Plaintiffs as above described concerning the $360,000 Fuel Investment security as above alleged.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

115. SCHERER and SHARLOW therefore owed a fiduciary duty to Plaintiffs. SCHERER and SHARLOW breached their respective fiduciary duty and took unfair and illegal advantage of Plaintiffs.

116. Had SCHERER and SHARLOW exercised proper care and skill in their respective conduct that concerned and/or affected Plaintiffs, they would not have accepted the $360,000 and Plaintiffs would not have suffered a loss on his/their investment, as well as other damages, all subject to proof at the time of trial.

117. As a direct and proximate result of SCHERER and SHARLOW's negligence, carelessness, recklessness and breach of fiduciary duty, Plaintiffs were damaged in an amount according to proof at trial, in excess of the jurisdictional minimum of this court.

118. SCHERER and SHARLOW's conduct as above alleged was willful, wanton, and in reckless disregard for the rights, property, and interest of Plaintiffs, by reason of which he/she/they should be held liable for reasonable exemplary, or punitive damages in an amount to be determined at trial.

***THE NEED FOR A CONSTRUCTIVE TRUST***

119. SCHERER and SHARLOW would be unjustly enriched if allowed to keep the converted assets of Plaintiffs' $360,000 as well as the proceeds derived from their use all of which were wrongfully acquired from Plaintiffs. Accordingly, SCHERER and SHARLOW now hold assets, the nature and extent of which are to be determined at the time of trial, as constructive trustees for the benefit of Plaintiffs.

***THE NEED FOR AN ACCOUNTING***

120. Plaintiffs do not know the exact amount owing to him/them as a result of SCHERER and SHARLOW's wrongful conduct and other misconduct above described. An accounting is therefore necessary to determine this amount.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**TWELFTH CAUSE OF ACTION**

**Constructive Fraud**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC and Does 1-30**

121. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

122. Plaintiffs re-allege that both SCHERER and SHARLOW were fiduciaries to their principal Plaintiffs.

123. Plaintiffs further re-allege that SCHERER is the agent and control person of LINCHPIN.

124. Plaintiffs further re-allege that SHARLOW is the agent and control person of SHARLOW LLC.

125. As a result of the conduct described above, SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30, and each of them, respectively committed and/or aided and abetted the misrepresentations to Plaintiffs, and concealed material facts from Plaintiffs and thus committed and/or aided and abetted constructive fraud.

126. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30, and each of them, received, among other things, money and other valuable consideration as a result of the aforementioned wrongful acts, and benefitted therefrom. Said defendants have no right to the proceeds of their wrongful activities and are involuntary trustees holding the same, in constructive trust for Plaintiffs, in an amount to be proven at trial.

127. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30, and each of them, did the acts recited herein knowingly or with reckless disregard for the consequences, with the intent to deceive and defraud Plaintiffs and did these acts with the intent to induce reliance as alleged.

//

128. Plaintiffs placed reliance on SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30, and each of them, until January 2020 when the conduct of these respective fiduciaries first became known to Plaintiffs and they discovered the true facts concerning the acts and omissions of said defendants as alleged above.

129. As a direct and proximate result of acts and omissions of SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30, Plaintiffs suffered damages in an amount to be determined at the time of trial.

130. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30's conduct as above alleged was willful, wanton, and in reckless disregard for the rights, property, and interests of Plaintiffs, by reason of which he/she/it/they should be held liable for reasonable exemplary, or punitive damages in an amount to be determined at trial.

**THIRTEENTH CAUSE OF ACTION**

**Breach of Oral Contract - Fuel Investment**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC and Does 1-30**

131. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

132. Plaintiffs on the one hand and SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 on the other hand entered into the Fuel Investment obligating Plaintiffs to pay $360,000 to SHARLOW's client trust account on July 19, 2019.

133. Plaintiffs have done all that they were required to do pursuant to the Fuel Investment agreement other than what may have been excused from SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30's misconduct.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

134. January 2020 has come and gone without SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 making any return on investment let alone even the return of the $360,000 deposited to SHARLOW's client trust.

135. Plaintiffs suffered and continue to suffer damages and harm from the conduct of SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30's refusal to honor his/her/its/their obligations pursuant to the Fuel Investment and to at a minimum return the $360,000 payment which was to have been protected pursuant to the agreement described at Paragraph 19 in the SHARLOW trust account as required.

136. Plaintiffs' performance conformed to the requirements of the Fuel Investment agreement in all respects.

137. As a result of said breach of contractual duties and obligations due and owing by SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC and Does 1-30 to Plaintiffs, Plaintiffs have sustained loss, injury and financial damages in an amount according to proof at the time of trial.

**FOURTEENTH CAUSE OF ACTION**

**Common Count for Money Had and Received**

**Against SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40**

138. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

139. This Claim is asserted against SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40.

140. At all times relevant herein, the $360,000 funds Plaintiffs wired to SHARLOW's trust account were funds were property belonging to the Plaintiffs received in trust and subject to known restrictions by SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40 and by doing the acts as herein alleged, said Defendants, in bad faith, wrongfully took, concealed and/or

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

disposed of property belonging to the Plaintiffs or aided and abetted its taking with actual knowledge of the wrongful conduct.

141. In acting in the manner described above, SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40's conduct as above alleged was willful, wanton, and in reckless disregard for the rights, property, and interests of Plaintiffs, by reason of which he/they should be held liable for reasonable exemplary, or punitive damages in an amount to be determined at trial.

**FIFTEENTH CAUSE OF ACTION**

**Negligence**

**Against SCHERER, LINCHPIN,**

**SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40**

142. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein.

143. This Claim is asserted against SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40.

144. Plaintiffs allege that SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40, each of them owed Plaintiffs a duty of care in performance of their respective duties regarding the Fuel Investment of Plaintiffs.

145. SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40's actions described above were at best negligent in failing to meet that standard of care in the undertaking and acting in the manner above described causing loss, injury and damage to Plaintiffs in an amount to be determined according to proof at the time of trial.

146. As a result of SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40's negligent acts Plaintiffs were harmed by loss of their $360,000 and rights under the Fuel Investment security.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

147. Plaintiffs' loss was the proximate result of SCHERER, LINCHPIN, SHARLOW, SHARLOW LLC, WINGLEJIA and Does 1-40's negligent conduct described above.

## V.

## JURY DEMAND

148. Plaintiffs demands a trial by jury on all claims so triable.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against all defendants as follows:

1. Judgment, jointly and severally against the defendants, in an amount to be proven at trial, as a result of the defendants' violations of the California State Securities Act, Securities and Exchange Act of 1934, breach of contract, and common law torts of negligent misrepresentation, conversion, legal malpractice, breach of fiduciary duty, constructive fraud and common count for money had and received;

2. An award to Plaintiffs for his/their costs, interest, and attorneys' fees to the full extent allowed by law;

3. For compensatory damages according to proof;

4. For special damages according to proof;

5. For exemplary and punitive damages according to proof;

6. For restitution and disgorgement; and

7. Such other and further relief as the Court may deem just, proper and equitable.

DATED: March 1, 2021. CATANZARITE LAW CORPORATION

By: ______________________________

Kenneth J. Catanzarite
Attorneys for Plaintiffs

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680